IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| **JAMES C. ESCHER** | : | **CHAPTER 13** |
| | : | |
| **Debtor** | : | **BANKRUPTCY NO. 13-20781-sr** |

### THIRD AMENDED CHAPTER 13 PLAN OF THE DEBTOR

1.  **PLAN PROVISIONS DISCHARGE:**

    The Debtor will seek a discharge of debts pursuant to 11 U.S.C. §1328(a). Upon completion of this or any other duly confirmed plan, all debts listed in the Debtor's Schedules, claims evidenced by filed proofs of claim in this case that are dischargeable under Chapter 13 of the Bankruptcy Code, and debts that subsequently come to Debtor's attention that are duly noticed and added hereto prior to the closing of this case, shall be discharged.

2.  **PLAN FUNDING AND LENGTH OF PLAN:**

    A. The Debtor will remit the following payments to the Trustee during the following periods:

    (i) for the first eleven (11) months of the Plan from January, 2014, through November, 2014, the total sum of $5,600.00;

    (ii) for the next twenty-one (21) months of the Plan from December, 2014, through August, 2016, the total sum of $10,656.64; and

    (iii) for the next fifteen (15) months of the Plan from September, 2016, through November, 2017, the total sum of $1,342.61; and

    (iv) for the remaining thirteen (13) months of the Plan from December, 2017, through December, 2018, the sum of $187.75 per month.

    B. The total base amount to be paid through the plan shall be $20,040.00.

    C. Upon Court approval of any further motion to modify plan after confirmation, the Debtor may alter the amount and timing of payments under this Plan.

3.  **SECURED CLAIMS:**

    A. Mortgage. The Debtor will maintain current monthly mortgage payments by making payments directly to the holder of the first mortgage on his home at 1167 Muhlenberg Avenue, Swarthmore, PA 19081, through Nationstar Mortgage LLC ("Nationstar")

Exhibit "A"

or any other duly contracted mortgage servicer, pursuant to the terms of a permanent loan modification agreement with an effective date of July 1, 2016.

B. Arrears. Through remittances to the Trustee, the Debtor will cure arrears owed to Nationstar or any other duly contracted servicer in the amount described below.

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Interest Rate | Total to be paid in the Plan |
|---|---|---|---|---|
| Nationstar | 1167 Muhlenberg Avenue Swarthmore, PA  19081 | $38,462.03 | 0% | $12,749.22 |
| Pennsylvania Department of Revenue | 1167 Muhlenberg Avenue Swarthmore, PA  19081, and personal property | $2,000.00 | 0% | $2,000.00 |

**4.    PRIORITY CLAIMS:**

Administrative Claims:

(i) Trustee fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.  There are no other priority claims other than fees awarded to Debtor's counsel as set forth in subparagraph (ii) below;

(ii) Attorney Fees.  In addition to the retainer of $1,952.50 paid by the Debtor to counsel pre-petition, an amount of $747.50 for the flat rate services provided by Debtor's counsel through the date of confirmation, plus the additional amount of $2,478.75 for post-confirmation non-flat rate services through September 20, 2016, plus an additional $400.00 for services related to two Trustee's Motions to Dismiss and Debtor's Motions to Modify Plan After Confirmation performed subsequent to September 20, 2016, to the extent awarded by the Court upon application by Debtor's counsel pursuant to the terms of the fee arrangement set forth in the Rule 2016(b) disclosure statement filed in the case.

**5.    GENERAL UNSECURED CLAIMS:**

Claims of General Unsecured Creditors.  The Debtor calculates that a minimum of $0.00 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the Debtor calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.  Such creditors will not receive less than that amount pursuant to the terms of the Plan.  No claims have been filed by unsecured creditors in the case.

**6.    OTHER PLAN PROVISIONS:**

A. The automatic stay shall remain in full force and effect after confirmation unless modified by Order of the Court after notice and hearing.  Pursuant to a stipulation

  between Nationstar Mortgage, LLC, the automatic stay with respect to Nationstar Mortgage, LLC was reinstated upon approval of the Debtor's Second Amended Plan.

 B. Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors, all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

 C. The cure of prepetition mortgage arrears in accordance with this Plan pursuant to 11 U.S.C. §§1322(b)(3)&(5) shall also constitute a cure and reinstatement of the mortgage pursuant to 41 Pa.C.S. §404(c).

**7. CLASSIFICATION OF CLAIMS AND ORDER OF DISTRIBUTION:**

 A. The various claims of the Debtor's creditors are classified in this Plan as follows:

  Class 1: Administrative Claims. These payments shall include the Trustee and Attorneys' fees listed in Section 4 of the Plan.

  Class 2: Secured Claims. The secured claims will be treated as described in Section 3 of the Plan.

  Class 3: All other claims that are timely filed and allowed.

  Class 4: All other claims that are not timely filed and/or are not allowed.

 B. Payments from the plan will be made by the Trustee first to Class 1 claimants, then to the Class 2 claimants until the arrears scheduled to be paid under the Plan are paid in full through payments to the Trustee, as set forth in Section 3 of this Plan, and third to Class 3 claimants pro rata. The Class 4 claimants will not receive any payments under this Plan.

**8. REVESTING OF PROPERTY**

Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will re-vest in the Debtor upon confirmation, and the Debtor shall have the sole right to the use and possession of same throughout the case.

Date:  December 7, 2017         _____
                         James C. Escher