**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

| | | |
|---|---|---|
| **JAMES C. ESCHER** | : | CHAPTER 13 |
| | : | |
| Debtor | : | BANKRUPTCY NO. 13-20781-jkf |

**MOTION FOR DETERMINATION OF
FINAL CURE AND PAYMENT TO NATIONSTAR MORTGAGE, LLC**

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(h) the Debtor, James C. Escher, by and through the executor of his estate, Viola Escher, and his counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby moves the Honorable Court to determine that the Debtor has effectuated a final cure with respect to the debt with Nationstar Mortgage, LLC, and in support thereof respectfully represent as follows:

1. On December 16, 2013, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. On May 29, 2014, Nationstar Mortgage, LLC, filed Claim No. 2, indicating a pre-petition arrearage of $38,462.03, and a total debt of $391,648.36.

3. The Debtor's original and Amended Chapter 13 Plans provided for a cure of the Debtor's pre-petition arrearage through disbursements from the Chapter 13 Standing Trustee, and the maintenance of regular monthly payments directly to Nationstar Mortgage, LLC, outside the Plan.

4. The Debtor's Amended Chapter 13 Plan was confirmed by Order entered on January 15, 2015.

5. Post-confirmation, the Debtor was successful in applying for a loan modification with Nationstar Mortgage, LLC. Upon approval of the loan modification application, the Debtor and Nationstar Mortgage, LLC also settled Nationstar's Motion for Relief from the Automatic Stay, which was approved by the Court on September 14, 2016.

6. In light of the loan modification, the Debtor filed a Motion to Modify Plan After

Confirmation that was granted by the Court on November 2, 2016.  Nationstar Mortgage, LLC also filed a Motion to Approve Loan Modification that was granted by the Court and an Order entered approving the loan modification on November 16, 2016.  Pursuant to the Orders granting the Motion to Modify Plan After Confirmation and approving the loan modification, Debtor filed his Second Amended Chapter 13 Plan on November 18, 2016.

7.  The Second Amended Chapter 13 Plan, provided for the cure of arrears on the Debtor's mortgage with Nationstar Mortgage, LLC prior to the loan modification through disbursements by the Trustee, and thereafter pursuant to the terms of the loan modification.

8.  On March 23, 2017, The Bank of New York Mellon, acting through Nationstar Mortgage, LLC, filed an Amended Proof of Claim No. 2, under which the amount necessary to cure the default was listed as $0.00, and the total amount of the claim was listed as $289,496.90.

9.  The Second Amended Chapter 13 Plan was further amended pursuant to an Order entered on January 8, 2018, granting a second Motion to Modify Plan After Confirmation, the purpose of which was to restructure the remaining payment schedule.  The treatment of the Nationstar Mortgage, LLC claim remained the same as in the Second Amended Chapter 13 Plan.

10.  On May 16, 2019, the Plan was completed.

11.  At that time, the Debtor's mortgage with Nationstar Mortgage, LLC, had been maintained and cured through a combination of Trustee disbursements, Debtor's post-petition payments, and capitalization of arrears under the loan modification agreement.

12.  A current Trustee's Report indicates, *inter alia*, that the Trustee disbursed a total of $12,749.22 to Nationstar Mortgage, LLC, as provided under the Debtor's Second and Third Amended Chapter 13 Plans.

13.  On September 6, 2019, and again on September 12, 2019, the Trustee filed a Notice of Final Cure Payment pursuant to Bankruptcy Rule 3002.1(f).

14.  Nationstar Mortgage, LLC has not filed any response to the Notice of Final Cure Payment as required pursuant to Bankruptcy Rule 3002.1(g).

15.  In accordance with Bankruptcy Rule 3002.1(h), Debtor, through his estate, seeks

a determination by the Court that he is current on his payments to Nationstar Mortgage, LLC, that he has cured all arrears pursuant to 11 U.S.C. §1322(b)(5) and 41 P.S. §404 regardless of the failure of Nationstar Mortgage, LLC, to respond to the Trustee's Notice of Final Cure Payment as required pursuant to Bankruptcy Rule 3002.1(g). In the alternative, should Nationstar Mortgage, LLC attempt to respond now, well beyond the 21 day time period allowed under Rule 3002.1(g), Debtor seeks to have Nationstar Mortgage, LLC, barred from presenting any evidence in this matter or any adversary proceeding to determine the secured status of Nationstar Mortgage, LLC, under Bankruptcy Rule 3002.1(i)(1), and other appropriate relief in the form of an Order that Nationstar Mortgage, LLC, treat the mortgage as fully cured and current as of September 30, 2019, and compensate Debtor for reasonable expenses and attorney's fees.

**WHEREFORE**, the Debtor prays this Honorable Court to determine that Debtor has cured the arrears on his mortgage pursuant to 11 U.S.C. §1322(b)(5) and 41 P.S. §404, has paid all required post-petition amounts, and is therefore current on the Nationstar mortgage through September 30, 2019, and/or to award other relief as indicated in the foregoing Motion.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor