United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 13-20781-amc |
| James C. Escher | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 30, 2025 | Form ID: pdf900 | Total Noticed: 7 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 01, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + James C. Escher, 1167 Muhlenberg Avenue, Swarthmore, PA 19081-2121 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Dec 31 2025 00:32:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Dec 31 2025 00:32:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| cr | + Email/Text: mtgbk@shellpointmtg.com | Dec 31 2025 00:32:00 | 1900 Capital Trust II, By US Bank Trust National A, PO Box 10826, Greenville, SC 29603-0826 |
| cr | Email/Text: nsm_bk_notices@mrcooper.com | Dec 31 2025 00:32:00 | Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067 |
| cr | + Email/Text: nsm_bk_notices@mrcooper.com | Dec 31 2025 00:32:00 | The Bank of New York Mellon, c/o: Nationstar Mortgage, LLC, P.O. Box 619096, Dallas, TX 75261-9096 |
| cr | + Email/Text: RASEBN@raslg.com | Dec 31 2025 00:32:00 | U.S. Bank National Association, RAS Crane, LLC, 10700 Abbotts Bridge Road, Suite 170, Duluth, GA 30097-8461 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | U.S. Bank Trust National Association |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Dec 30, 2025 | Form ID: pdf900 | Total Noticed: 7 |
| Date: Jan 01, 2026 | Signature:    /s/Gustava Winters | |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 30, 2025 at the address(es) listed below:**

**Name**            **Email Address**

ANGELA CATHERINE PATTISON
> on behalf of Creditor 1900 Capital Trust II  By US Bank Trust National Association, not in its Individual Capacity but Solely as Certificate Trustee apattison@hillwallack.com, apattison@ecf.courtdrive.com

CHRISTOPHER A. DENARDO
> on behalf of Creditor Nationstar Mortgage LLC logsecf@logs.com

CSU - OUCTS, PA Labor & Industry
> ra-li-beto-bankreading@state.pa.us

DAVID NEEREN
> on behalf of Creditor Nationstar Mortgage LLC as servicer for dneeren@udren.com vbarber@udren.com

DENISE ELIZABETH CARLON
> on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION  NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE NRZ PASS-THROUGH TRUST VII (NPL) bkgroup@kmllawgroup.com

KERI P EBECK
> on behalf of Creditor The Bank of New York Mellon F/K/A  The Bank of New York as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-BC1 kebeck@bernsteinlaw.com, btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com

KEVIN M. BUTTERY
> on behalf of Creditor U.S. Bank National Association cdigianantonio@rascrane.com

KEVIN M. BUTTERY
> on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION  NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE NRZ PASS-THROUGH TRUST VII (NPL) cdigianantonio@rascrane.com

MATTHEW CHRISTIAN WALDT
> on behalf of Creditor Nationstar Mortgage LLC mwaldt@milsteadlaw.com bkecf@milsteadlaw.com

NICHOLAS J. LAMBERTI
> on behalf of Creditor PA Dept of Revenue RA-occbankruptcy2@state.pa.us RA-occbankruptcy6@state.pa.us

NICOLE B. LABLETTA
> on behalf of Creditor Nationstar Mortgage LLC as servicer for nlabletta@lablettawalters.com brausch@pincuslaw.com

NICOLE B. LABLETTA
> on behalf of Creditor Nationstar Mortgage LLC nlabletta@lablettawalters.com brausch@pincuslaw.com

POLLY A. LANGDON
> on behalf of Trustee SCOTT F. WATERMAN [Chapter 13] ecfmail@readingch13.com

POLLY A. LANGDON
> on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com

ROGER V. ASHODIAN
> on behalf of Debtor James C. Escher ecf@schollashodian.com

SCOTT F. WATERMAN [Chapter 13]
> ECFMail@ReadingCh13.com

United States Trustee
> USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 17

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     JAMES C. ESCHER, | : | |
| Debtor | : | |
| | : | Bky. No.   13-20781 AMC |

# ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING CONDUCTED REMOTELY BY VIDEO CONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct an evidentiary hearing in the above case in connection with **Motion for Determination of Final Cure and Mortgage Payment to Nationstar Mortgage, LLC filed by James C. Escher**;

**AND**, the court having **SCHEDULED** a hearing ("the Hearing") on **February 2, 2026 at 10:00 a.m.**;

**It is therefore ORDERED** that:

1. The Hearing will be conducted by videoconference using "Zoom" technology and the parties shall comply with the procedures set forth below in connection with the Hearings.

**Pretrial Disclosure Requirements**

2. **On or before January 26, 2026** any party intending to call a witness to testify by video conference ("the Remote Witness") shall file and serve[1] a Remote Witness List setting forth the following:

---

[1]   It is contemplated and preferred that all service required by this Order will be accomplished by e-mail.  However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

-1-

   a. the name and title of the Remote Witness;

   b. a summary of subject matter of the anticipated testimony;

   c. an e-mail address for the witness;[2]

   d. the location of the Remote Witness (city, state, country);

   e. the place from which the Remote Witness will testify (e.g. home, office – no addresses are required);

   f. whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other person(s)' presence;

   g. whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

3. **On or before January 26, 2026** any party intending to offer into evidence in its case in chief or otherwise use at the Hearing any exhibits shall:

   a. pre-mark each exhibit;

   b. serve each party who has appeared in the matter(s) being heard at the Hearing with a list of each exhibit ("the Exhibit List");

   c. serve each party with each pre-marked exhibit on the Exhibit List;[3]

   d. deliver the Exhibit List and the exhibits to the court by e-mailing them to the Courtroom Deputy at Pamela_Blalock@paeb.uscourts.gov.

4. A party that wishes to use an exhibit in connection with the examination or cross-

---

[2] The witness' e-mail address provides a means for opposing parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the Hearing.

[3] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel. However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the Hearing.

5. If a party anticipates the possibility of offering into evidence or otherwise using exhibits at the Hearing in the party's case in rebuttal:

    a. On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

    b. The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the Hearing.

    c. If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all parties participating in the Hearing and the witness. If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[4]

6. **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE HEARING**.

## Technological and Logistical Protocols

7. Any attorney or party or representative of a party wishing to attend the Hearing and participate by video may contact the Courtroom Deputy to obtain the access information to

---

[4] The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing. If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

-3-

the Hearing.[5]

8. **EACH PARTY CALLING A WITNESS IS RESPONSIBLE FOR PROVIDING THE ZOOM LINK TO THE WITNESS**.

9. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

10. When signing into Zoom, each participant shall use their first and last name as their screen name, not an e-mail address or nickname.

11. Counsel and parties must treat the proceeding as if it were in open court so appropriate dress and decorum are required.

12. To reduce the risk of transmission problems with the video or audio during the Hearing, the parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the court limit themselves to audio participation. The court reserves the right to limit the attendance of non-litigants and their counsel to receipt of audio.

13. No participant may use a virtual background without Court permission. Any virtual background must be dignified and respectful. The background may not contain any messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate. **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS**.

14. During testimony by a party or witness, no one is permitted to communicate - via text or

---

[5] An attorney may make the request on behalf of a client or client representative.

-4-

chat application or any other means - with the testifying witness except by way of on the record oral questions directed toward that witness.

15. All participants must appear on camera during the entire hearing, whether or not they are speaking, unless the Court directs otherwise.

16. Participants must limit or eliminate possible background distractions.

17. If during the proceeding it becomes necessary for counsel to consult with a client in private, counsel request to be sent to a breakout room for a short time to have a private conversation. However, this Paragraph does not apply when the client is in the midst of testifying.

18. **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE HEARING. FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

Date:  Dec. 30, 2025

_____
ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE